# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

Lyle W. Cayce
Clerk

No. 09-50874
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN VALDEZ-ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1679-1

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Ruben Valdez-Ortiz (Valdez) pleaded guilty to attempted illegal reentry
and personating another when applying for admission to the United States. *See*
8 U.S.C. § 1326 and 18 U.S.C. § 1546. He now appeals the reasonableness of his
within-guidelines sentence. Because Valdez did not object to the reasonableness
of the sentence in the district court, review is limited to plain error. *See United
States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-50874

According to Valdez, his sentence is unreasonable because the 16-level enhancement set forth in U.S.S.G. § 2L1.2(b) is not supported by empirical data. This argument is foreclosed, as is his argument that the presumption of reasonableness should not be applied to his within-guidelines sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Valdez's assertions regarding his personal history and circumstances and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). The record reflects that the district court considered the sentencing factors in 18 U.S.C. § 3553(a). Valdez has not demonstrated that the district court's imposition of a sentence within the advisory guidelines range was error, plain or otherwise.

AFFIRMED.